UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Lamard Joye, Terrell Haskins, and Lateefah Joye,

                                          Plaintiffs,

-against-

City of New York, et al.,

                                          Defendants.

**ANSWER TO FIRST AMENDED FIRST AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, POLICE OFFICER WILLIAM MONTEMARANO, POLICE OFFICER MICHAEL SALUZZI, POLICE OFFICER PATRICK LINDIE, POLICE OFFICER FRANCISCO ESPINAL AND POLICE OFFICER RONALD REMO**

15 CV 5288 (SJ)(MDG)

JURY TRIAL DEMANDED

------------------------------------------------------------------------ x

        Defendants City of New York ("City") and Police Officer ("PO") Montemarano, PO Saluzzi, PO Lindie, PO Espinal, and PO Remo, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the First amended complaint (hereinafter "first amended complaint") respectfully allege, upon information and belief, as follows:

        AS TO "NATURE OF THE ACTION"

        1.    Deny the allegations as set forth in paragraph "1" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

        AS TO "JURISDICTION AND VENUE"

        2.    Deny the allegations as set forth in paragraph "2" of the first amended complaint, except admit that plaintiffs purport to proceed as stated therein.

- 2 -

      3.      Deny the allegations as set forth in paragraph "3" of the first amended complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

      4.      Deny the allegations as set forth in paragraph "4" of the first amended complaint, except admit that plaintiffs purport to base venue as stated therein.

      5.      Deny the allegations as set forth in paragraph "5" of the first amended complaint except admit that plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein and that documents purporting to be notices of claim for each of three plaintiffs were received by the Comptroller's Office on or about December 13, 2014, and that the claims were not adjusted.

      AS TO "JURY DEMAND"

      6.      States that paragraph "6" is a jury demand and as such, no response is required.

      7.      Deny the allegations as set forth in paragraph "7" of the first amended complaint except admit that plaintiffs purport to invoke the supplemental jurisdiction of the Court as stated therein.

      AS TO "PARTIES"

      8.      Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "8" of the first amended complaint.

      9.      Deny the allegations as set forth in paragraph "9" of the first amended complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and that the City of New York maintains a police department consistent with all applicable laws and rules, and respectfully refers the Court to the New York

- 3 -

City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department ("NYPD").

10. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "10" of the first amended complaint, except admit that Police Officer William Montemarano, Police Officer Michael Saluzzi, Police Officer Patrick Lindie, Police Officer Nicholas Brush, Police Officer Francisco Espinal, and Police Officer Ronald Remo were employed as police officers on September 16, 2014, and that plaintiffs intend to proceed as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "11" of the first amended complaint.

12. Deny knowledge or information sufficient to form a belief as to the allegations as set forth in paragraph "12" of the first amended complaint, which contains facts; to the extent it contains conclusions of law, no response is required.

13. Deny knowledge or information sufficient to form a belief as to the allegations as set forth in paragraph "13" of the first amended complaint, which contains facts; to the extent it contains conclusions of law, no response is required.

AS TO "FACTS"

14. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "14" of the first amended complaint.

15. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "15" of the first amended complaint.

16. Deny the allegations as set forth in paragraph "16" of the first amended complaint.

17. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "17" of the first amended complaint.

18. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "18" of the first amended complaint.

19. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "19" of the first amended complaint.

20. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "20" of the first amended complaint.

21. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "21" of the first amended complaint.

22. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "22" of the first amended complaint.

23. Deny the allegations as set forth in paragraph "23" of the first amended complaint except admit that plaintiff Haskins refused to comply.

24. Deny the allegations as set forth in paragraph "24" of the first amended complaint that no contraband was found in plaintiff Haskins' pockets, and admit that his pockets were searched.

25. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "25" of the first amended complaint.

26. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "26" of the first amended complaint.

27. Deny the allegations as set forth in paragraph "27" of the first amended complaint.

28. Deny the allegations as set forth in paragraph "28" of the first amended complaint.

29. Deny the allegations as set forth in paragraph "29" of the first amended complaint.

30. Deny the allegations as set forth in paragraph "30" of the first amended complaint.

31. Deny the allegations as set forth in paragraph "31" of the first amended complaint.

32. Deny the allegations as set forth in paragraph "32" of the first amended complaint.

33. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "33", including the footnote, of the first amended complaint except admit Montemarano used pepper spray on plaintiff Lamard Joye.

34. Deny the allegations as set forth in paragraph "34" of the first amended complaint except admit plaintiff Lamard Joye ran from the scene.

35. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "35" of the first amended complaint.

36. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "36" of the first amended complaint except admit Plaintiff Lateefan Joye approached Police Officer Montemarano.

37. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "37" of the first amended complaint except admit Montemarano used pepper spray on plaintiff Lateefah Joye.

38. Deny the allegations as set forth in paragraph "38" of the first amended complaint except admit plaintiff Lateefah Joye ran from the scene.

39. Deny the allegations as set forth in paragraph "39" of the first amended complaint.

40. Admit the allegations as set forth in paragraph "40" of the first amended complaint.

41. Admit the allegations as set forth in paragraph "41" of the first amended complaint.

42. Deny the allegations as set forth in paragraph "42" of the first amended complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "43" of the first amended complaint.

44. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "44" of the first amended complaint.

45. Admit the allegations as set forth in paragraph "45" of the first amended complaint.

46. Deny knowledge or information sufficient to form belief as to the truth of the allegations as set forth in paragraph "46" of the first amended complaint.

47. Deny the allegations as set forth in paragraph "47" of the first amended complaint, except admit a video of parts of the incident was provided by plaintiffs.

48. Admit the allegations as set forth in paragraph "48" of the first amended complaint.

49. Deny the allegations as set forth in paragraph "49" of the first amended complaint.

50. Deny the allegations as set forth in paragraph "50" of the first amended complaint.

51. Deny the allegations as set forth in paragraph "51" of the first amended complaint.

AS TO "FIRST CLAIM"

52. In response to paragraph "52" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

53. Deny the allegations as set forth in paragraph "53" of the first amended complaint.

54. Deny the allegations as set forth in paragraph "54" of the first amended complaint.

55. Deny the allegations as set forth in paragraph "55" of the first amended complaint.

AS TO "SECOND CLAIM"

56. In response to paragraph "56 of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

57. Deny the allegations as set forth in paragraph "57" of the first amended complaint.

  58. Deny the allegations as set forth in paragraph "58" of the first amended complaint.

  AS TO "THIRD CLAIM"

  59. In response to paragraph "59" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

  60. Deny the allegations as set forth in paragraph "60" of the first amended complaint.

  61. Deny the allegations as set forth in paragraph "61" of the first amended complaint.

  62. Deny the allegations as set forth in paragraph "62" of the first amended complaint.

  AS TO "FOURTH CLAIM"

  63. In response to paragraph "63" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

  64. Deny the allegations as set forth in paragraph "64" of the first amended complaint.

  65. Deny the allegations as set forth in paragraph "65" of the first amended complaint.

  66. Deny the allegations as set forth in paragraph "66" of the first amended complaint.

67. Deny the allegations as set forth in paragraph "67" of the first amended complaint.

AS TO "FIFTH CLAIM"

68. In response to paragraph "68" of the first amended complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs inclusive of this answer, as if fully set forth herein.

69. Deny the allegations as set forth in paragraph "69" of the first amended complaint.

70. Deny the allegations as set forth in paragraph "70" of the first amended complaint.

71. Deny the allegations as set forth in paragraph "71" of the first amended complaint.

AS TO "SIXTH CLAIM"

72. Deny the allegations as set forth in paragraph "72" of the first amended complaint.

73. Deny the allegations as set forth in paragraph "73" of the first amended complaint and all its subparts.

74. Deny the allegations as set forth in paragraph "74" of the first amended complaint.

75. Deny the allegations as set forth in paragraph "75" of the first amended complaint, and all its subparts, and respectfully refer the Court to the cases cited therein for an accurate recitation of their facts.

76. Deny the allegations as set forth in paragraph "76" of the first amended complaint, and all its subparts, and respectfully refer the Court to the report, cases, and articles cited therein for an accurate recitation of their facts.

77. Deny the allegations as set forth in paragraph "77" of the first amended complaint.

78. Deny the allegations as set forth in paragraph "78" of the first amended complaint and respectfully refer the Court to the newscast cited therein for an accurate recitation of its facts.

79. Deny the allegations as set forth in paragraph "79" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

80. Deny the allegations as set forth in paragraph "80" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

81. Deny the allegations as set forth in paragraph "81" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

82. Deny the allegations as set forth in paragraph "82" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

83. Deny the allegations as set forth in paragraph "83" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

84. Deny the allegations as set forth in paragraph "84" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

85. Deny the allegations as set forth in paragraph "85" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

86. Deny the allegations as set forth in paragraph "86" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

87. Deny the allegations as set forth in paragraph "87" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

88. Deny the allegations as set forth in paragraph "88" of the first amended complaint.

89. Deny the allegations as set forth in paragraph "89" of the first amended complaint and respectfully refer the Court to the case cited therein for an accurate recitation of its facts.

90. Deny the allegations as set forth in paragraph "90" of the first amended complaint and respectfully refer the Court to the report cited therein for an accurate recitation of its facts.

91. Deny the allegations as set forth in paragraph "91" of the first amended complaint.

92. Deny the allegations as set forth in paragraph "92" of the first amended complaint and respectfully refer the Court to the case and article cited therein for an accurate recitation of their facts.

93. Deny the allegations as set forth in paragraph "93" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

94. Deny the allegations as set forth in paragraph "94" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

95. Deny the allegations as set forth in paragraph "95" of the first amended complaint.

96. Deny the allegations as set forth in paragraph "96" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

97. Deny the allegations as set forth in paragraph "97" of the first amended complaint and respectfully refer the Court to the case cited therein for an accurate recitation of its facts.

98. Deny the allegations as set forth in paragraph "98" of the first amended complaint.

99. Deny the allegations as set forth in paragraph "99" of the first amended complaint.

100. Deny the allegations as set forth in paragraph "100" of the first amended complaint and respectfully refer the Court to the article cited therein for an accurate recitation of its facts.

101. Deny the allegations as set forth in paragraph "101" of the first amended complaint.

102. Deny the allegations as set forth in paragraph "102" of the first amended complaint and all its subparts.

103. Deny the allegations as set forth in paragraph "103" of the first amended complaint.

104. Deny the allegations as set forth in paragraph "104" of the first amended complaint.

105. Deny the allegations as set forth in paragraph "105" of the first amended complaint.

106. Deny the allegations as set forth in paragraph "106" of the first amended complaint.

107. Deny the allegations as set forth in paragraph "107" of the first amended complaint.

108. Deny the allegations as set forth in paragraph "108" of the first amended complaint.

109. Deny the allegations as set forth in paragraph "109" of the first amended complaint.

**AS TO PRAYER FOR RELIEF**:

110. Wherefore clause and all of its subparts, are not averments of fact to which a response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

111. The first amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

112. Any injury alleged to have been sustained resulted from Plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

113. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor has Defendant violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

114. Defendants PO Montemarano, PO Saluzzi, PO Lindie, PO Espinal, and PO Remo have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

115. At all times relevant to the acts alleged in the First amended complaint, defendants PO Montemarano, PO Saluzzi, PO Lindie, PO Espinal, and PO Remo acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, defendants Montemarano are entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

116. To the extent that the First amended complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

117. At all times relevant to the acts alleged in the First amended complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on Plaintiff's state law claims.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

118. Punitive damages are not recoverable against the City of New York. Punitive damages cannot be received against any other defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

119. Plaintiffs' action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

120. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

121. Plaintiffs' claims are barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

122. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

123. To the extent that one or more defendants used any force, it was reasonable, justified, and necessary to accomplish Defendant's official duties and to protect their own physical safety and the safety of others.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

124. Plaintiffs provoked any incident.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE:

125. Plaintiffs may have failed to mitigate damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE:

126. There was probable cause for Plaintiff's arrest, detention, and subsequent prosecution.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE:

127. There was probable cause for the search of Plaintiffs.

**WHEREFORE,** defendants City of New York, PO Montemarano, PO Saluzzi, PO Lindie, PO Espinal, and PO Remo Montermarano, request judgment dismissing the First amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 27, 2016

        Zachary W. Carter
        Corporation Counsel of the
        City of New York
        *Attorney for Defendants*
        100 Church Street, Room 3-146
        New York, New York 10007
        (212) 356-2424

By:      /S     
     Melissa Wachs
     Senior Counsel

cc: Robert Marinelli (by ECF)
*Attorney for Plaintiffs*
299 Broadway
Ste. 1501
New York, NY 10007

15 CV5288 (SJ)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Lamard Joye, Terrell Haskins, and Lateefah Joye,

                                                        Plaintiffs,

                        -against-

City of New York, et al.,

                                                   Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

**ZACHARY W. CARTER**

Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*

100 Church Street Rm 3-146
New York, N.Y. 10007

*Of Counsel: Melissa Wachs*
*Tel: (212) 356-2424*

*Due and timely service is hereby admitted.*

*New York, N.Y.        …………………………………………, 2016 . . .*

                        *………………………………………………………….Esq.*

*Attorney for ..........................................................*